IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADNAN NABIH ALDARAWSHEH | ) |
| | ) |
| Petitioner-Movant, | ) |
| | ) No. 05 C 0245 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Adnan Nabih Aldarawsheh (the "Petitioner"), *pro se*, moves this Court pursuant to 28 U.S.C. § 2255 for relief from his current sentence. For the reasons stated below, the § 2255 motion is DENIED.

## BACKGROUND

On October 22, 2003, Petitioner was convicted based on a guilty plea, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), of (1) conspiring to commit offenses against the United States, in violation of 18 U.S.C. § 371, (2) failing to file reports of money export or import, in violation of 31 U.S.C. §§ 5332(a)(1)(A) and 5322(a), and (3) bulk cash smuggling, in violation of 31 U.S.C. § 5332(a).

Under the United States Sentencing Guidelines ("USSG"), these offenses put Petitioner's base offense level at six. USSG § 2S1.3(a)(2). Prior to Petitioner's sentencing, the government submitted a presentencing report in which it took the position that Petitioner's concealment of $651,817 in United States currency inside a suitcase qualified the Petitioner for a 14-level increase pursuant to USSG §§ 2S1.3(a)(2), 2B1.1(a)(2), and 2B1.1(b)(1)(H). The government further contended that, based on the large amount of currency involved, the defendant knew or

1

believed that the money was related to unlawful activity, and that the offense involved bulk cash smuggling and warranted an additional two-level increase under USSG §§ 2S1.3(b)(1)(A)-(B). Petitioner filed no objections to the presentencing report. This Court found the Petitioner to have a total offense level of 22 and a criminal history category of I, with a USSG range of 41 to 51 months. On January 4, 2004, Petitioner was sentenced to serve a term of imprisonment of 41 months' incarceration, followed by supervised release for a term of two years. Petitioner did not file a direct appeal.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of their detention if their conviction or their sentence is based on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1995) (internal quotations and citations omitted). If the reviewing court determines that any such defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

In addition, after reviewing the Petitioner's motion, the government's response, and any record of prior court proceedings, the court will determine whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the [court] shall make an order of summary dismissal." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings; *see also Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990).

2

**ANALYSIS**

Petitioner offers several possible grounds for relief. First, he argues that this Court erred in calculating his offense level under the USSG. The Seventh Circuit's (and, subsequently, the United States Supreme Court's) decision in *United States v. Booker* requires that any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. 375 F.3d 508, 511 (7th Cir. 2004), *aff'd*, 543 U.S. 220 (2005). *Booker* extended the Supreme Court's reasoning in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) to the federal sentencing guidelines, and made the sentencing ranges recommended by the USSG discretionary rather than mandatory. Petitioner argues that the Court erred in increasing his sentence because the Court determined by only a preponderance of the evidence that the monetary amount involved in Petitioner's offenses was $651,817, which subjected Petitioner to a 14-level increase under USSG §§ 2S1.3(a)(2), 2B1.1(a)(2), and 2B1.1(b)(1)(H) and an additional two-level increase under USSG §§ 2S1.3(b)(1)(A)-(B).

Second, Petitioner argues that his sentence violates his rights under the Confrontation Clause of the Sixth Amendment. In *Crawford v. Washington*, 541 U.S. 36, 68 (2004), the Supreme Court held that the Confrontation Clause bars the admission of testimonial statements of witnesses absent from trial unless the witness is unavailable and the defendant had a prior opportunity to cross-examination. Petitioner argues that the government arrived at the $651,817 figure based on the out-of-court testimonial statements of Petitioner's co-defendant Mazen Abdallah.

It plainly appears to this Court that Petitioner's claims are without merit. Both *Booker* and *Crawford* were decided after Petitioner's sentence became final on direct review. "*Booker*

does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *McReynolds v. U.S.*, 397 F.3d 479, 481 (7th Cir. 2005). Nor does *Crawford*. *Whorton v. Bockting*, 127 S.Ct. 1173, 1177 (2007). Petitioner's § 2255 motion is entirely predicated on cases that are inapplicable to his situation. Rule 4 of the Rules Governing § 2255 Proceedings under the United States District Courts provides "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Accordingly, this Court summarily dismisses this motion after having examined the § 2255 motion, an accompanying petition, an accompanying supplement, the government's response, the attached exhibits, and the transcript of the sentencing hearing. Petitioner's Petition to Vacate, Set Aside, or Correct the Sentence is **DENIED**.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

**Dated:** December 16, 2008